IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BREANDA TAYLOR BYNON a/k/a BREANDA BYNON<br><br>    Plaintiff<br><br>v.<br><br>CRAIG MANSFIELD, *et al.*<br><br>    Defendants | CIVIL ACTION<br>NO. 15-00206 |

PAPPERT, J.                                                                                          MAY 21, 2015

### MEMORANDUM

Plaintiff Breanda Taylor Bynon ("Bynon") filed this lawsuit against several parties in connection with an allegedly usurious loan she received by way of an internet web site. (*See* Sec. Am. Compl. ¶ 1 ("SAC"), Doc. No. 13.) Sovereign Lending Solutions, LLC ("Sovereign"), a title lending company established under the tribal law of the Lac Vieu Desert Band of Lake Superior Chippewa Indians ("LVD"), operated the web site. (*Id.* ¶¶ 14, 24.) Bynon has not sued LVD or Sovereign. Instead, she has sued Craig Mansfield ("Mansfield"), who allegedly was "a manager in charge of day-to-day operations" at Sovereign and authorized the loan to Bynon. (*Id.* ¶¶ 3, 4.) Before the Court is Mansfield's motion to dismiss Bynon's SAC pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. The Court grants the motion because under the facts alleged in the SAC, Mansfield is immune from suit under the doctrine of tribal sovereign immunity. The Court therefore lacks subject matter jurisdiction over Bynon's claims against Mansfield.[1]

---

[1] Because the Court lacks subject matter jurisdiction over Bynon's claims against Mansfield, it does not address Mansfield's arguments for dismissal pursuant to Rules 12(b)(2) and 12(b)(6).

Courts address issues of tribal sovereign immunity pursuant to motions to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1302-03 (10th Cir. 2001) ("Tribal sovereign immunity is a matter of subject matter jurisdiction, which may be challenged by a motion to dismiss under Fed.R.Civ.P. 12(b)(1)") (citation omitted); *cf. United States v. Gov't of Virgin Islands*, 363 F.3d 276, 284 (3d Cir. 2004) ("Eleventh Amendment immunity is relevant to jurisdiction . . . ."). When a defendant challenges the court's subject matter jurisdiction, the plaintiff, as the party asserting jurisdiction, bears the burden of establishing jurisdiction. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Furthermore, as Mansfield presents a factual attack on the Court's subject matter jurisdiction, the Court may consider extrinsic materials and need not presume that Bynon's factual allegations are true. *Id.*

Indian tribes enjoy sovereign immunity unless that immunity has been clearly waived by the tribe or unequivocally abrogated by Congress. *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978); *see also Michigan v. Bay Mills Indian Cmty.*, 134 S. Ct. 2024, 2030 (2014). This immunity extends to a tribe's subordinate economic entities and to tribal officials who are acting in their official capacity and within the scope of their authority. *See, e.g., Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1195 (10th Cir. 2010). It does not protect individual tribal members more generally. *See Puyallup Tribe, Inc. v. Dep't of Game of Wash.*, 433 U.S. 165, 173 (1977).

Here, Bynon does not contend that LVD has waived or Congress has abrogated Sovereign's immunity. To the contrary, she acknowledges that she did not sue LVD and Sovereign because they are "protected from liability under the doctrine of tribal immunity." (SAC ¶ 14.) Nevertheless, Bynon insists that Mansfield is a proper defendant because "[t]ribal

immunity does not apply to individuals." (Opp'n Br. at 9, Doc. No. 18.)[2] She asserts that Mansfield "is the real and substantial party in interest" and "a judgment under [the SAC] will operate only against Mr. Mansfield." (*Id.* at 10.)

A fair reading of the SAC, however, shows that Bynon's dispute is with Sovereign, not with Mansfield individually. All of Bynon's factual allegations regarding Mansfield pertain to his role as manager of Sovereign. There are no facts implicating Mansfield in any misconduct outside of his employment with Sovereign. Without factual allegations to state a plausible claim against Mansfield personally, Bynon's assertion that she has sued Mansfield only in his individual capacity is without weight. *See, e.g., Grace v. Thomas*, No. 92-cv-70253, 2000 WL 206336, at *3 n.2 (E.D. Mich. Jan 3, 2000) ("The Court observes that Plaintiffs have named the individual Defendants in their individual capacities; however, upon careful review of the pleadings, it is clear as a matter of law, that the individuals were not acting in their personal capacities. Plaintiffs failed to show any evidence that the individual Defendants were not exercising the powers delegated to them by the sovereign or that the conduct in which they engaged was unrelated to their job duties."); *see also Murgia v. Reed*, 338 F. App'x 614, 616 (9th Cir. 2009) ("If the Defendants were acting for the tribe within the scope of their authority, they are immune from Plaintiff's suit regardless of whether the words 'individual capacity' appear on the complaint.").

Bynon's arguments in opposition to Mansfield's motion to dismiss demonstrate that she has sued Mansfield in an attempt to circumvent LVD and Sovereign's tribal immunity. Bynon argues that Mansfield is individually liable because he "directed *Sovereign* to make loans in Pennsylvania," "authorized *Sovereign's* loan to [Bynon]," and "operated *Sovereign* through the collection of unlawful debt." (Opp'n Br. at 10-11 (emphasis added).) She further states that she

---

[2]      Citations refer to the page numbers assigned by the Court's CM/ECF system.

3

became "obligated to *Sovereign*" in Pennsylvania and that *Sovereign's* loan was usurious under Pennsylvania law. (*Id.* at 15 (emphasis added).) Despite Bynon's protestations to the contrary, it is clear that Sovereign, not Mansfield, is the party with which Bynon has a dispute. *See, e.g., Chayoon v. Chao*, 355 F.3d 141, 143 (2d Cir. 2004) ("[Plaintiff] cannot circumvent tribal immunity by merely naming officers or employees of the Tribe when the complaint concerns actions taken in defendants' official or representative capacities and the complaint does not allege they acted outside the scope of their authority.").

Finally, Bynon argues that Mansfield does not enjoy tribal immunity because he allegedly acted beyond the scope of his lawful authority. Even assuming that Mansfield acted beyond the scope of his lawful authority, however, he would lose immunity only for purposes of prospective injunctive relief. *See Bay Mills*, 134 S. Ct. at 2035 ("[T]ribal immunity does not bar such a suit for injunctive relief against individuals, including tribal officers, responsible for unlawful conduct."); *Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla.*, 177 F.3d 1212, 1225 (11th Cir. 1999) ("[T]ribal officers are protected by tribal sovereign immunity when they act in their official capacity and within the scope of their authority; however, they are subject to suit under the doctrine of *Ex parte Young* when they act beyond their authority."). Here, Bynon requests an award of monetary damages against Mansfield. Her argument that Mansfield does not enjoy immunity because he allegedly acted beyond the scope of his lawful authority is therefore unfitting.

An appropriate order follows.

/s/ GERALD J. PAPPERT
GERALD J. PAPPERT, J.